IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

FILED IN OPEN COURT
SEP 24 2025
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADAN SMITH CAICEDO-RIVERA,<br><br>*Defendant*. | Case No. 3:25cr134-RCY |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Count One of the Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt with credible and admissible evidence.

1. On or about July 23, 2025, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, Adan Smith CAICEDO-RIVERA, did forcibly resist, oppose, impede, and interfere with any person designated in 18 U.S.C. § 1114, to wit: a United States Customs and Border Protection Officer and a United States Border Patrol Agent, who were both engaged in the performance of their official duties. Customs and Border Protection and the Border Patrol are both agencies of the Department of Homeland Security, an executive branch department of the United States Government.

2. On July 23, 2025, a United States Border Patrol Agent ("BPA") and a CBP Officer ("CBPO") were engaged in the performance of their official duties—specifically, the enforcement of federal immigration laws—as they conducted surveillance of CAICEDO-RIVERA's house at 10712 Hollow Court, Glen Allen, Virginia 23059. The BPA and CBPO understood CAICEDO-RIVERA to lack legal status. The BPA and CBPO observed

CAICEDO-RIVERA exit his residence, enter a car, and pull away from the house. Shortly after CAICEDO-RIVERA left the house, BPA and CBPO activated their emergency equipment and conducted a vehicle stop of CAICEDO-RIVERA's car at the intersection of Woodman Road and Marions Lane in Glen Allen, Virginia, within the Eastern District of Virginia. CAICEDO-RIVERA was the driver and sole occupant of the car.

3. BPA and CBPO identified themselves as immigration officers and explained the reason for the stop. CAICEDO-RIVERA—a Colombian citizen—provided his Colombian passport. CBPO told CAICEDO-RIVERA that he would need to be detained because he had a pending order of removal. CAICEDO-RIVERA knew that BPA and CBPO were immigration officers who were trying to detain him because he had a pending order of removal. BPA and CBPO asked CAICEDO-RIVERA to exit the vehicle and CAICEDO-RIVERA refused.

4. After a brief period of time during which BPA and CBPO unsuccessfully attempted to gain CAICEDO-RIVERA's compliance through the issuance of verbal commands, CAICEDO-RIVERA started moving away from BPA and CBPO. At this point, BPA and CBPO attempted to physically remove CAICEDO-RIVERA from his car. CAICEDO-RIVERA physically resisted the officers' attempts to remove him from the car and take him into custody. A struggle ensued, and, during the struggle, CAICEDO-RIVERA continued to resist CBPO and BPA's attempts to detain him. In the course of that struggle, CBPO was struck in the face and fell to the ground. CAICEDO-RIVERA was able to break free from the officers, and a short foot pursuit ensued until CAICEDO-RIVERA was able to reenter his car and flee the scene.

5. Following CAICEDO-RIVERA's flight from the officers, other law enforcement officers began surveillance of CAICEDO-RIVERA's residence, and observed CAICEDO-RIVERA return to his residence a short time later. CAICEDO-RIVERA was inside of the

residence for a brief period before law enforcement observed CAICEDO-RIVERA and a female exit the residence and enter a car. Law enforcement officers conducted a vehicle stop, and took CAICEDO-RIVERA into custody without incident.

6. This statement of facts includes those facts necessary to support the defendant's plea of guilty to Count One of the Indictment. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

7. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Lindsey Halligan
United States Attorney

Date: 9/24/25         By: _____
                          Ellen H. Theisen
                          Assistant United States Attorney

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 9/24/25

_____
Adan Smith Caicedo-Rivera
Defendant

I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 9/24/25

_____
Jayionté Johnson
Attorney for Adan Smith Caicedo-Rivera