**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 3:25-cr-134 |
| | ) | Hon. Roderick C. Young |
| **ADAN SMITH CAICEDO-RIVERA,** | ) | Sentencing: December 16, 2025 |
| | ) | |
| **Defendant.** | ) | |

## MR. CAICEDO-RIVERA'S MOTION TO COMPEL THE GOVERNMENT TO PROVIDE IDENTIFYING INFORMATION OF THE FEDERAL AGENTS INVOLVED IN HIS ARREST

Adan Caicedo-Rivera, through counsel Javionté Johnson, moves the Court to require the government to disclose the identifying information of the United States Customs and Border Protection Officer ("CBPO") and the United States Border Patrol Agent ("BPA") who first encountered Mr. Caicedo-Rivera on July 23, 2025.

### BACKGROUND

On August 26, 2025, Mr. Caicedo-Rivera appeared before this Court to for an arraignment on the pending indictment. During that proceeding, this Court heard arguments on the issue of whether the proposed protective order was too restrictive as the agents' identifying information was redacted and the discovery materials could not be left in the possession of Mr. Caicedo-Rivera. The Court ruled that the protective order was not unduly restrictive. ECF No. 19. As a result, on August 27, 2025, Mr. Caicedo-Rivera and the government entered into a stipulated discovery order that included a protective order provision. ECF No. 21 at 7. The protective order provision included redactions to all identifying information of the agents who encountered Mr. Caicedo-Rivera on July 23, 2025.

1

On December 5, 2025, the government filed both a position on sentencing, *see* ECF No. 32, and an upward variance motion, *see* ECF No 33. In those filings, the government requested for this Court to impose the statutory maximum sentence of 12 months. In its variance motion, the government argued that Mr. Caicedo-Rivera "violently resisted arrest" and described the physical interaction between Mr. Caicedo-Rivera and the arresting agents. *See* ECF No. 33 at 1-3. The government's upward variance motion argues that Mr. Caicedo-Rivera's "is more serious because he violently resisted, causing injury to one of the officers" and that "but for Caicedo-Rivera's violent resistance CBPO would not have sustained those injuries or been knocked to the ground". *Id.* at 4.

Before the government filed its upward variance motion, undersigned counsel reached out to the government to request the name and contact information of the CBPO agent whom Mr. Caicedo-Rivera has been convicted of injuring. PSR ¶ 9. Undersigned counsel informed the government that he was concerned that Mr. Caicedo-Rivera's conduct could be considered aggravating in the eyes of this Court and that in order to provide Mr. Caicedo-Rivera effective representation, defense counsel needed to investigate further details of the incident by speaking directly with the agent. Specifically, undersigned counsel needs to investigate the extent of the injury, including whether any time from work was missed as a result of the injury, whether there were any follow up medical appointments, and the extent of the danger that the agents believed they were in as a result of Mr. Caicedo-Rivera's conduct. Counsel for the government would not provide defense counsel with the requested information in order for the defense to conduct its investigation.

## ARGUMENT

"The defendant is entitled to evidence favorable to the accused where the evidence is material either to guilt or to punishment." *See Wolfe v. Johnson*, 565 F.3d 140, 149 n.8 (4th Cir.

2

Va. 2009); (citing *Brady v. Maryland*, 373 U.S. 83 (1963)). The provision of effective legal assistance by defense counsel is contingent upon a thorough factual investigation. *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984). Failure to thoroughly investigate the government's assertions violates counsel's constitutional obligation to provide effective assistance. *See, e.g.*, *Porter v. McCollum*, 558 U.S. 30 (2009) (counsel's failure to uncover and present mitigating evidence during penalty phase of murder trial was ineffective assistance.); *Wiggins v. Smith*, 539 U.S. 510, (2003) (inadequate investigation for mitigating evidence constituted ineffective assistance of counsel).

Here, the identifying information sought is favorable to Mr. Caicedo-Rivera. It is favorable because it allows the counsel for the defense to conduct further investigation into two issues that are presented by the government. Specifically, the government is asking for a variance sentence to the statutory max as it argues that Mr. Caicedo-Rivera: 1) violently resisted the agents which caused an injury, and 2) recklessly endangered the agents by fleeing the scene. *See* ECF No. 33. There is no dispute as to the occurrence of an injury, yet it is counsel's duty to Mr. Caicedo-Rivera to subsequently investigate the claims made by the government in preparation of sentencing.

The government characterizes Mr. Caicedo-Rivera's resistance as violent, however forcible resistance is not the same as a violent resistance. A violent resistance infers there was some nefarious intent to injure the agents. Counsel for the defense would need to question both agents as to the demeanor and conduct of Mr. Caicedo-Rivera when they attempted to remove him from the car. This would allow defense counsel to present evidence or testimony which would combat the government's assertion of "violent" resistance. Additionally, the government heavily relies upon the injury the CBPO received as the basis for the upward variance. Counsel for the defense would need to investigate the extent of the injury, including whether any time from work was missed as a result of the injury, whether there were any follow up medical appointments, etc.

There are no materials in the discovery that inform the defense of the extent of the injuries other than pictures taken at the time of the incident. Finally, the government argues that Mr. Caicedo-Rivera recklessly endangered the agents by fleeing as a basis for the upward variance. Counsel for the defense must investigate the extent of the danger that the agents believed they were in as a result of Mr. Caicedo-Rivera's conduct. There is no information in the discovery materials that speak to this issue.

As a result of the government's upward variance motion, the defense needs to speak with the agents and conduct an independent investigation to ensure the validity and veracity of the additional information that the government is relying upon. Based on the findings of its investigation, the defense may subpoena the agents as witnesses at Mr. Caicedo-Rivera's sentencing. The only other alternative to this issue is for the government to subpoena the agents to present testimony at the sentencing. But, in discussing this issue with defense counsel, counsel for the government indicated that it would not subpoena the CBPO. If this Court is to place any weight on the interviews contained in the PSR that were not included in the Statement of Facts in determining Mr. Caicedo-Rivera's sentence, the defense must be able to speak directly with the agents. There is no other information in the discovery materials to allow defense counsel to conduct further investigation into government's assertions.

Additionally, this information is material to the issue of punishment in this case. The government is basing its variance motion on an interview given by the CBPO for an upward variance to further punish Mr. Caicedo-Rivera. *Id*. at 2-3. The information and argument the government made in its upward variance motion weighs directly to the issue of what punishment Mr. Caicedo-Rivera would receive. Therefore, this Court should compel the disclosure of the requested information.

While Mr. Caicedo-Rivera entered into a valid plea agreement with a waiver of certain appellate rights, he did not waive his right to appeal based upon ineffective assistance of counsel. In determining whether there was an ineffective assistance of counsel, reviewing courts analyze representation at every stage of the case including at sentencing. It is therefore incumbent upon defense counsel to further investigate the information the government is relying upon that was not agreed to in the Statement of Facts in order to provide effective representation.

## CONCLUSION

For the reasons discussed herein, Mr. Caicedo-Rivera respectfully requests this Court to compel the disclosure of identifying information of the agents who initially encountered Mr. Caicedo-Rivera.

Respectfully submitted,
ADAN CAICEDO-RIVERA

By: _____/s/_____
       Counsel
Javionté Johnson, Esq.
New York Bar # 5720214
Attorney for Adan Caicedo-Rivera
Assistant Federal Public Defender
Office of the Federal Public Defender
Eastern District of Virginia
701 E. Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 565-0832 (tel)
(804) 800-4214 (fax)
Javionte_Johnson@fd.org